UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. S-05-240-GEB |
| | ) | |
| Plaintiff, | ) | <u>ORDER REGARDING EXCLUDABLE TIME PERIODS</u> |
| | ) | |
| v. | ) | <u>UNDER SPEEDY TRIAL ACT</u> |
| | ) | |
| HAMID HAYAT, and UMER HAYAT, | ) ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

        The government's motion to stop the running of the speedy trial clock from July 1, 2005, to and including August 19, 2005, was argued on July 15, 2005. The government argues that the speedy trial clock should be stopped under 18 U.S.C. § 3161(h)(8)(B)(ii), contending that "the case is so unusual or so complex" due to the nature of the prosecution, Defendants' discovery requests, and government counsel's need to review seized evidence "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time prescribed in the Speedy Trial Act." 18 U.S.C. § 3161(h)(8)(B)(ii).

        Defendants were indicted on June 16, 2005. They are charged with making false statements to a federal agency in a

matter involving alleged domestic and international terrorism. The Speedy Trial Act originally requires that the trial for this matter commence on or before August 25, 2005.  Trial is currently set to commence August 23, 2005, as Defendants have requested. Defendants contest the government's motion, which seeks to vacate the August 23 trial date and to exclude time as stated above.

The Defendants have made broad discovery requests from over forty federal, state and local governmental agencies, including, among others, the Department of Homeland Security, the Department of Justice, the Department of State, the Department of Treasury, the Department of Commerce, the Department of Defense, the National Security Agency, and the Central Intelligence Agency.  The government believes, based on the nature of the allegations in this case and its experience in similar cases, that it will take a minimum of *thirty to sixty days* for the agencies to search for and retrieve potentially relevant documents.  In other words, it believes the earliest date these agencies will complete their search is July 31, 2005 (30 days); the latest date these agencies will likely complete their initial search is August 30, 2005 (60 days).

Since Defendants are pressing their right to a speedy trial, the government is required to endeavor to have the affected agencies complete their search by the earliest time period referenced above – specifically July 31, 2005.  It is understood that government counsel will have to review any materials received from an agency before the government decides

2

whether it is discoverable; however, government counsel did not clearly estimate the amount of time required to do this.  It is also recognized that the FBI will not complete its review of approximately 2000 pages of seized documents until August 6, 2005.  But notwithstanding these outstanding matters, in light of the time existing between when government counsel could receive agency input on Defendants' respective discovery requests and the FBI's review of seized documents, the government has not shown that it is unreasonable to expect it to prepare for the trial scheduled to commence on August 23, 2005.[1]

Therefore, the motion is denied.

Dated:  July 15, 2005

> /s/ Garland E. Burrell, Jr.
> GARLAND E. BURRELL, JR.
> United States District Judge

---

[1] While it is recognized that the government also argues that potential classified information could be subject to discovery and special procedures, the government has not shown that this potentiality is presently a basis for stopping the speedy trial clock.