IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,                    NO.  CR. S-05-0240 GEB

        Plaintiff,
                                             ORDER
    v.

UMER HAYAT,

        Defendant.
_____/

        On November 14, 2005, the assigned District Judge issued an order which: (1) granted defendant Umer Hayat's motion to reduce his bail amount from $1.5 million to $1.2 million, secured by adequate security; (2) concluded that the then-proposed sureties and proffered property (designated "Properties 1, 3, 4, and 5") were inadequate, "based on the current record;" and (3) permitted defendant Umer Hayat to proffer property to secure the bond while allowing the United States the opportunity to object to the adequacy and value of the

/////

/////

                                1

property proffered before the duty Magistrate Judge within three days
after the proffering of property by the defendant.  Order at 14.[1]

Thereafter, counsel on behalf of defendant Umer Hayat
notified the government that he was again proffering Properties 1, 3,
4, and 5 to secure the defendant's now-reduced bail $1.2 million.  On
November 17, 2005, counsel for the government filed an objection to
the proffered bail.  Therein, counsel for the government argued that
the assigned district judge had already disapproved of the proposed
sureties and of the proffered properties as security for the
defendant's release and that the undersigned lacked the authority to
relitigate the issue.  Counsel for the government also argued that
the only avenue open to defendant Umer Hayat following the district
court's order was to proffer different properties, subject to
government objection, to secure the bond.  Next, the government
requested that if the undersigned was inclined to consider the
sufficiency of the sureties and/or Properties 1, 3, 4, and 5 as
security, that a stay be issued to allow it to seek immediate review
by the assigned District Judge.  Finally, if the undersigned was
authorized to consider the sufficiency of the sureties and/or
properties, counsel for the government requested "an appropriate
amount of time to fully brief this Court on the merits."

On November 17, 2005, counsel for defendant Umer Hayat
responded to the government's objection, arguing that the assigned
District Judge had not disqualified Properties 1, 3, 4, and 5 as

---

[1]  This Order was subsequently amended by Orders issued on
November 17 and November 18, 2005.

security because the order in question did not expressly do so despite the opportunity, even after the government's objections were filed.  Counsel for the defendant argued that as a result of the District Judge's order and amendments thereto, a hearing before the undersigned was required to allow the defense to set forth on the record the adequacy and value of the properties being proffered. Accordingly, defense counsel requested that an evidentiary hearing be held on November 22, 2005, at 2:00 p.m. at which time the defense would call as witnesses the various sureties so that they may be examined regarding the posting of the proffered properties to secure defendant Umer Hayat's release.

On November 21, 2005, counsel for the government filed a supplemental objection to the proffered bail.  Therein, the government argues that the amended order filed November 18, 2005, made it clear that the District Judge has found the proffered properties and sureties inadequate.  The government also argues that granting the defendant's request for an evidentiary hearing would be an unjustified reopening of a bail hearing.  Finally, in the event the undersigned disagrees with this interpretation of the orders, the government reiterated its request for a stay and for additional time in which to brief the matter.

After considering the written arguments of the parties, the court will grant defendant's request for an evidentiary hearing to be held on November 22, 2005 at 2:00 p.m. and deny the government's requests for a stay or for additional time to brief the matter.
/////

1    The undersigned does not interpret the District Judge's

2  Order, as amended, to absolutely preclude the proffering of

3  Properties 1, 3, 4, and 5 as security for Umer Hayat's $1.2 million

4  bond.  On the other hand, the district court did note a number of

5  factors present in the then-current record which caused the District

6  Judge to conclude that based upon that record, the properties in

7  question would be inadequate security.  Nonetheless, the District

8  Judge left open the possibility that by further developing the

9  record, through evidentiary hearing or otherwise, the defense could

10 conceivably address the court's concerns.[2]

11    The undersigned is confident that this is an accurate and

12 correct interpretation of the District Judge's orders as amended and

13 therefore the granting of a stay to permit a further round of review

14 is not appropriate.  With respect to the government's request for

15 time to submit further briefing on the issue, in light of the

16 exhaustive briefing and multiple proceedings already devoted to this

17 issue, the undersigned perceives no need for further briefing at this

18 /////

19 /////

20 /////

21 /////

22 /////

23

24    [2]   The undersigned would observe that given the nature and
   extent of the concerns noted in the District Judge's order, the
25 defendant's task is likely a daunting one in that he has elected to
   proffer the same properties that were addressed by the District
26 Judge.

time.  The request will be denied without prejudice to renewal

following the evidentiary hearing.[3]

          IT IS SO ORDERED.

DATED: November 21, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:lg
Ddad1/orders.criminal/hayat11-21-05.ord

---

[3]   Further briefing will only be authorized if the court
perceives a need after the taking of evidence.  In the event further
briefing is permitted it will be subject to limitations with respect
to length and the time of submission.  Therefore, the parties should
be prepared to argue the matter following the conclusion of the
evidentiary hearing.