IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:05-cr-240-GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UMER HAYAT, HAMID HAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

A Status Hearing was conducted on January 6, 2006, at which Robert Tice-Raskin, Laura Ferris, and Steve Tyrell appeared on behalf of the government, Johnny Griffin appeared on behalf of Defendant Umer Hayat, and Wazhma Mojaddidi appeared on behalf of Defendant Hamid Hayat.[1] At the hearing, defense counsel requested trial be set for January 24, 2006, or January 26, 2006. The government opposed setting trial on either date, moved to exclude time under the Speedy Trial Act, requested a hearing date on its Motion for Protective Order, requested a status conference be held on January 27, 2006, and proposed a briefing schedule for motions

---

[1] Counsel for both Defendants are referred to as "defense counsel" unless otherwise indicated.

1

filed pursuant to Federal Rule of Criminal Procedure 12 ("Rule 12 Motions").  After hearing argument on all matters, the Court scheduled trial to commence at 9:00 a.m. on February 14, 2006.  This Order summarizes some of the matters discussed at the Status Hearing and provides additional information regarding pre-trial and trial procedures.

### Motion to Exclude Time

The government argued time should be excluded under the Speedy Trial Act because (1) it had requested a January 27, 2006, hearing on its previously filed Motion for Protective Order, (2) it would file an additional motion following the Status Hearing on January 6, 2006, ("January 6 Motion"), and (3) the case was complex. Defense counsel argued time should not be excluded because the Motion for Protective Order and the January 6 Motion could be resolved quickly.  Since the government indicated that calendaring its Motion for Protective Order automatically excluded time from the Speedy Trial Act from the day the hearing was calendared until the motion was decided, this argument obviated a ruling under the Speedy Trial Act.

### Motion for Protective Order

At the Status Hearing, the Motion for Protective Order was scheduled for hearing at 3:00 p.m. on January 27, 2006.  Opposition to the Motion for Protective Order shall be filed no later than 4:30 p.m. on January 16, 2006, and reply to the opposition shall be filed no later than 4:30 p.m. on January 23, 2006.

### January 6 Motion

On January 6, 2006, following the Status Hearing, the government filed a motion under the Classified Information

Protection Act ("CIPA"), in which it requests that the Court compel defense counsel to obtain security clearance, appoint separate defense counsel with security clearance, or conduct a hearing to determine whether Defendants can knowingly, voluntarily, and intelligently enter into an evidentiary stipulation regarding evidence such as what is referenced in Exhibit A to the January 6 Motion. At the Status Conference, defense counsel asserted that the January 6 Motion and the Motion for Protective Order are interrelated. In order to allow both motions to be heard simultaneously, the January 6 Motion is scheduled for hearing at 3:00 p.m. on January 27, 2006. Opposition to the motion shall be filed no later than 4:30 p.m. on January 16, 2006, and reply to the opposition shall be filed no later than 4:30 p.m. on January 23, 2006.

## CIPA Hearing

At the Status Hearing, a CIPA hearing was scheduled for 11:00 a.m. on January 27, 2006.

## Rule 12 Motions

Any Rule 12 motion shall be briefed and filed on or before 4:30 p.m. on January 13, 2006. Opposition to Rule 12 motions shall be filed on or before 4:30 p.m. on January 23, 2006, and reply to opposition shall be filed on or before 4:30 p.m. on January 30, 2006. Hearing on the motions will commence at 11:00 a.m. on February 3, 2006.

## Evidentiary Disputes

Any unresolved evidentiary disputes a party opines is capable of being resolved in limine shall be briefed and filed on or before 4:30 p.m. on January 13, 2006. Oppositions to in limine

3

motions shall be filed on or before 4:30 p.m. on January 23, 2006; reply to opposition shall be filed on or before 4:30 p.m. on January 30, 2006.  Hearing on the motions will commence at 11:00 a.m. on February 3, 2006.

If the parties anticipate other evidentiary disputes that cannot be resolved in limine, these disputes should be addressed in their trial briefs.  L.R. 16-285(a)(3).

Trial Documents

No later than 4:30 p.m. on February 10, 2006, the parties shall file the following documents:

    (1)  proposed voir dire questions to be asked by the Court;

    (2)  proposed preliminary and final jury instructions;[2]

    (3)  proposed verdict form;

    (4)  trial briefs; and

    (5)  a joint statement or joint proposed jury instruction that can be read to the jury in advance of voir dire that explains the nature of the case.

At the time of filing these documents, counsel shall also email a copy of the proposed voir dire questions, proposed jury instructions, proposed verdict form, and joint statement to be read to the jury to the Court at geborders@caed.uscourts.gov.  See L.R. 51-163(b)(1).

---

[2] The proposed final jury instructions shall include both the general and substantive instructions and are to be ordered in the precise manner that a party desires them read to the jury.

The government's exhibits shall be numbered on stickers provided by the Court.  Should Defendants elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter on stickers provided by the Court.  The parties may obtain exhibit stickers by contacting the Clerk's Office at (916) 930-4000.

## Length of Trial

The parties estimate they will need twenty (20) court days to present their cases-in-chief.

## Voir Dire

After the Judge completes judicial voir dire, the parties may conduct voir dire for up to forty five (45) minutes per side.

## Jurors

Sixteen jurors will be impaneled.[3]  The "struck jury" system will be used to select the jury.[4]  At the beginning of the voir dire process, approximately thirty-six prospective jurors, randomly selected by the Jury Administrator, will be seated for voir dire.  The order of the jurors' random selection is reflected by the order in which they will be seated.  The first twelve jurors on the list will constitute the petit jury unless one or more of those twelve is excused for some reason.  The first randomly selected

---

[3]   This includes four alternate jurors.

[4]   As explained in United States v. Blouin, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of jurors required to enable the parties to use the combined number of peremptory challenges allotted to both sides for striking jurors from the group.  Typically extra jurors are included in the select group in the event the minimum amount of jurors required for the "struck system" is reduced "for cause" or some other reason.

5

juror will be in jury seat number one, which is at the extreme right-hand side of the jury box in the top row as the jury box is viewed from the well of the courtroom.  The ninth selected juror will occupy the seat located at the extreme right-hand side of the jury box in the bottom row.  The remaining jurors will be similarly seated.  Assuming that the juror seated in the first seat is excused, the juror in the second seat becomes the first, and the other jurors' numbers are changed accordingly; however, the jurors continue to occupy their original assigned seats.[5]

Peremptory strikes will be exercised silently, by passing the strike sheet between the parties, with the government going first in each round.  To use a challenge, the attorney will write the seat number of the juror above the line next to the numbered challenge.  A party who does not use a challenge in any round waives any further right to exercise that challenge and is required to reflect this waiver by writing the word "pass" on the strike sheet.

If any party has a Batson or other objection to opposing counsel's use of a peremptory strike, it must be made immediately upon recognition of the same, and before moving to another round.  However, this ruling does not prevent a party from making such an objection later based on information gained that justifies making the objection at a later time.  But any objection must be made before the Court excuses that juror from further participation in the voir dire process.  Failure to do this constitutes waiver of a Batson and any other objection.

////

---

[5] Attached is a copy of the form entitled Query re Excuse Potential Juror.

1 <u>Opening Statements</u>

2   The parties are granted sixty (60) minutes per side for
3 opening statements.
4   IT IS SO ORDERED.
5 Dated:  January 9, 2006

6
7                              <u>/s/ Garland E. Burrell, Jr.</u>
                               GARLAND E. BURRELL, JR.
                               United States District Judge
8

## Query re Excuse Potential Juror

Do you agree that Juror No. ____ should be excused for the reason stated by the juror or for any other reason?  (Check applicable box below.)

|  | Government's Attorney | | Defendant's Attorney | |
|---|---|---|---|---|
| RESPONSE: | ☐ | ☐ | ☐ | ☐ |
|  | Yes | No | Yes | No |