IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:05-cr-0240-GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER[*] |
| v. | ) | |
| | ) | |
| UMER HAYAT, and HAMID HAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

On January 13, 2006, Defendants filed a motion "to dismiss this case," in which they argue "[t]heir right to a fair trial has been jeopardized due to the outrageous conduct of the government . . . in its attempts to taint the prospective jury pool." (Defs.' Mot. to Dismiss ("Defs.' Mot.") at 1.) Specifically, Defendants argue the government "intentionally caused irreparable prejudice against Defendants" by revealing "highly prejudicial information" and evidence "inadmissable [at] trial" in June 2005 and to a lesser extent, in September 2005.[1] (Id. at 2, 6.) Defendants also contend

---

[*] No hearing or opposition to the motion was deemed necessary in light of Defendants arguments.

[1] Defendants waited until the eve of trial to discuss information published months ago. I will not discuss this information with specificity because republication of it at this time risks prolonging the impending jury selection process.

1

they have been prejudiced by the "widespread international media coverage" of this case, most of which "has been negative toward the Defendants." (Id. at 9.) Defendants argue "[t]he government's conduct coupled with the widespread national media attention . . . confirms that the Defendants could not have a fair trial with an impartial jury anywhere in the United States." (Id. at 2.)

To justify dismissal, Defendants must show they were prejudiced by outrageous governmental misconduct. See U.S. v. Barrera-Moreno, 951 F.2d 1089, 1091 (9th Cir. 1991) (stating "a district court may dismiss an indictment on the ground of outrageous government conduct" under its "supervisory powers" or if the conduct "amounts to a due process violation"); Bank of Nova Scotia v. United States, 487 U.S. 250, 263 (1988) (stating a "district court [has] no authority to dismiss [an] indictment on the basis of prosecutorial misconduct absent a finding that [the defendants] were prejudiced by the misconduct"). Defendants contend governmental misconduct has caused potential jurors to be exposed to widespread prejudicial publicity such that potential jurors should be presumed biased against them.[2] (Defs.' Mot. at 5.)

---

[2] "The prejudicial effect of pervasive publicity is tested under the presumed prejudice or the actual prejudice standards." Harris v. Pulley, 885 F.2d 1354, 1361 (9th Cir. 1989); Ainsworth v. Calderon, 138 F.3d 787, 795 (9th Cir. 1998); Randolph v. People of the State of Cal., 380 F.3d 1133, 1142 (9th Cir. 2004). The determination whether actual prejudice prevents a juror from being empaneled is made "upon the voir dire examination." United States v. McDonald, 576 F.2d 1350, 1354 (9th Cir. 1978). During the voir dire examination, "a court must determine if the jurors demonstrated actual partiality or hostility that could not be laid aside." Randolph, 380 F.3d at 1142; Ainsworth, 138 F.3d at 795.

1 "Prejudice is presumed only in extreme instances when the
2 record demonstrates that the community where the trial [is to be]
3 held [is] saturated with prejudicial and inflammatory media
4 publicity about the [alleged] crime." Daniels v. Woodford, 428 F.3d
5 1181, 1211 (9th Cir. 2005) (citation omitted); Ainsworth, 138 F.3d
6 at 795 ("Prejudice is rarely presumed because saturation defines
7 conditions found only in extreme situations."). The community at
8 issue is comprised of the twenty-three counties that constitute the
9 Northern Division of this District. "Three factors should be
10 considered in determining [whether this community should be]
11 presumed prejudice[d]: (1) whether there was a barrage of
12 inflammatory publicity immediately prior to trial, amounting to a
13 huge . . . wave of public passion; (2) whether the news accounts
14 were primarily factual because such accounts tend to be less
15 inflammatory than editorials or cartoons; and (3) whether the media
16 accounts contained inflammatory or prejudicial material not
17 admissible at trial." Daniels, 428 F.3d at 1211.

18 First, there has not been a "barrage of inflammatory
19 publicity immediately prior to trial," because the publicity about
20 which Defendants complain occurred approximately four to seven
21 months ago. Compare Harris, 885 F.2d at 1362 (jurors not presumed
22 prejudiced because "the number of news reports regarding the . . .
23 case had dissipated considerably by the time of jury selection four
24 months later), with Daniels, 428 F.3d at 1211 (jurors presumed
25 prejudiced because the case "generated extensive and nearly
26 continuous publicity immediately after [the crime occurred] and
27 again before . . . trial"). Therefore, the time between the
28 publicity and trial "helps mitigate any bias the media coverage

3

might have created." Randolph, 380 F.3d at 1142; Patton v. Yount, 467 U.S. 1025, 1034 (1984) ("That time soothes and erases is a perfectly natural phenomenon, familiar to all.").

Second, the publicity about which Defendants complain is primarily factual information; furthermore, none of the publicity demonstrates the creation of an atmosphere that undermines Defendants' right to a fair trial. Compare Harris, 885 F.2d at 1362 (jurors not presumed prejudiced because "[t]he vast majority of media accounts [were] largely factual in nature"), and Ainsworth, 138 F.3d at 795 (jurors not presumed prejudiced because media accounts were factual in nature and the defendant had failed to identify editorials or other opinion pieces speculating about his guilt), with Daniels, 428 F.3d at 1211 (jurors presumed prejudiced because "[t]he press accounts did not merely relate factual details, but included editorials and letters to the editor calling for [the defendant's] execution").

Third, at this stage in the proceedings it is unknown whether any of the publicized information will be inadmissable at trial. Furthermore, even if some of the information is inadmissible, Defendants have not demonstrated that disclosure of the information "would make it impossible to seat an impartial jury." See Randolph, 380 F.3d at 1142 (jurors not presumed prejudiced even though "some media coverage contained prejudicial information that would not have been admissible at trial"); Ainsworth, 138 F.3d at 795 (jurors not presumed prejudiced because "[t]o the extent any of the information printed was prejudicial . . . it was printed several months before trial"); Harris, 885 F.2d at 1362 (jurors not presumed prejudiced even though prejudicial and

4

1  inadmissible information had been published at the time the crime
2  occurred since the information had dissipated by the time of trial).
3          In conclusion, Defendants have failed to show that the
4  potential jurors should be presumed prejudiced to serve as impartial
5  jurors.  Therefore, Defendants' motion to dismiss is denied.
6          IT IS SO ORDERED.
7  Dated:  January 18, 2006

                                /s/ Garland E. Burrell, Jr.
                                GARLAND E. BURRELL, JR.
                                United States District Judge

5