IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
THE UNITED STATES OF AMERICA,    )
                                 )    2:05-cr-0240-GEB
                Plaintiff,       )
                                 )    ORDER*
     v.                          )
                                 )
HAMID HAYAT, and                 )
UMER HAYAT,                      )
                                 )
                Defendants.      )
                                 )
```

On January 13, 2006, Defendants filed ten enumerated motions in limine. Motion number nine will not be addressed because the matter can be decided at the appropriate time during trial. Motion number eight is moot since the government's motion for dual juries was granted in a separate Order.

The eight remaining motions in limine fail to show that all the challenged evidence will be presented at trial, and if presented, that the evidence will be presented for an impermissible purpose.[1]

---

\* No hearing or opposition to the motions was deemed necessary in light of Defendants' arguments.

[1] The Order filed January 10, 2006, indicated the parties should meet and confer regarding evidentiary issues and file motions in limine if they could not resolve evidentiary disputes. (Order, Jan. 10, 2006, at 3.) It appears the parties did not have a meaningful discussion of
(continued...)

1

Defendants have "the burden of demonstrating that the [challenged] evidence is inadmissible on any relevant ground." Koch v. Koch Indus., Inc., 2 F. Supp 2d 1385, 1388 (D. Kan. 1998). However, Defendants' eight remaining "motion[s] in limine lack[] the necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction of such evidence." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Because the motions are not presented in a sufficiently "concrete setting" they "cannot be evaluated accurately or sufficiently by the trial judge." Jonasson v. Lutheran Child and Family Serv., 115 F.3d 436, 440 (7th Cir. 1997). Therefore, "it is necessary to defer ruling until trial . . . [so that] the issue[s] can be determined in a more concrete setting." Id.; see also Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp 2d 844, 846 (N.D. Ohio 2004) (stating that when it is not clear the challenged evidence is inadmissible for any purpose, a court should defer ruling "until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context"). Accordingly, Defendants' eight remaining motions in limine are denied.

      Further, since unnecessary litigation could be avoided through meet and confer procedures, the parties shall meet and confer on both the remaining motions in limine and on any other evidentiary issues the parties opine should be discussed. Additionally, the parties shall set forth in their respective trial briefs any

---

[1](...continued)
the subject evidentiary issues before Defendants filed their motions in limine. Had the parties met and conferred as expected, the Court might not be faced with motions in limine which appear to include numerous speculative issues that may never arise at trial.

unresolved evidentiary dispute(s), the legal authority relevant to the dispute(s), and whether the dispute(s) should be addressed prior to opening statements.

        IT IS SO ORDERED.

Dated:  January 19, 2006

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge