```
 1  McGREGOR W. SCOTT
    United States Attorney
 2  S. ROBERT TICE-RASKIN
    LAURA L. FERRIS
 3  Assistant U.S. Attorneys
    501 I Street, Suite 10-100
 4  Sacramento, California 95814
    Telephone: (916) 554-2700
 5
    MICHAEL MULLANEY
 6  Acting Chief, Counterterrorism Section
    STEVEN A. TYRRELL
 7  Deputy Chief, Counterterrorism Section
    DAVID DEITCH
 8  Trial Attorney, Counterterrorism Section
    Criminal Division
 9  U.S. Department of Justice
    10th and Constitution Avenue, N.W.
10  Washington, D.C.  20005
    Telephone: (202) 514-0849
11
```

FILED

FEB - 3 2006

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | CR. No. S-05-240 GEB |
|---|---|---|
| Plaintiff, | ) | STIPULATION REGARDING PARTICIPATION IN CIPA HEARINGS DURING THE COURSE OF TRIAL; [PROPOSED] ORDER |
| v. | ) | |
| HAMID HAYAT, UMER HAYAT, | ) | |
| Defendants. | ) | |

**STIPULATION**

Defendants and their respective counsel, and plaintiff, by and through their respective counsel (the "parties"), hereby agree and stipulate as follows:

1. During the course of trial, it may become necessary for the Court to conduct *in camera* proceedings pursuant to the Classified Information Procedures Act, 18 U.S.C. § 3, *et.*

1

1  seq., if particular issues arise as to potential
2  revelation of classified information during the course of
3  examination of witnesses or otherwise.
4  2.  Counsel for the defense presently do not have security
5  clearances and, as such, cannot participate in any
6  proceedings involving classified information.  Defense
7  counsel have fully discussed this issue with defendants,
8  including the likelihood, if any, that such *in camera*
9  proceedings will become necessary, advantages and
10 disadvantages of counsel obtaining clearances, and
11 advantages and disadvantages of counsel participating in
12 any such proceedings.  As a matter of strategy,
13 defendants, with the advise and consent of their counsel,
14 have concluded that: it is in their best interests to
15 proceed to trial at present, they do not wish to have
16 cleared defense counsel, and they do not wish to
17 participate, through their counsel, in any *in camera*
18 proceedings that may be necessary under the Classified
19 Information Procedures Act.  Defendants, with the advise
20 and consent of counsel, specifically agree that, as
21 necessary, the government may participate, *ex parte*, in
22 any *in camera* proceedings that may be necessary during
23 trial under the Classified Information Procedures Act.
24 3.  This stipulation does not otherwise limit the defendants'
25 right to argue that a particular question/answer in
26 connection with a witness or some item of evidence should
27 or should not be admitted into evidence.
28 //

4. Based on the representations of defense counsel and defendants, the government does not oppose defendants' decision to forego participation in any necessary proceedings involving the disclosure of classified information.

DATED: 2/3/06

WAZHMA MOJADDIDI
Attorney for Defendant
Hamid Hayat

DATED: FEB. 3, 2006

JOHNNY L. GRIFFIN, III.
Attorney for Defendant
Umer Hayat

DATED: Feb, 3, 2006

HAMID HAYAT
Defendant

DATED: Feb 3, 2006

UMER HAYAT
Defendant

DATED: 2/3/06

S. ROBERT TICE-RASKIN
LAURA L. FERRIS
Assistant U.S. Attorneys

DATED: 2/3/2006

DAVID DEITCH
SHARON LEVER
Trial Attorneys
Counterterrorism Section

I declare that I am a court Registered ~~certified~~ interpreter/translator. On Feb 3, 2006, I read the entire contents of the foregoing stipulation to Hamid Hayat and Umer Hayat, translating the document from English to Urdu.

DATED: 02-3-06

Interpreter/Translator

///
///
///

3

**ORDER**

The stipulation of the parties is accepted. If, during the course of trial, it becomes necessary for the Court to conduct <u>in camera</u> proceedings pursuant to the Classified Information Procedures Act related to potential revelation of classified information during the course of examination of witnesses or otherwise, the government is authorized to participate in such hearings <u>ex parte</u>.

IT IS SO ORDERED.

DATED: 2-3-06

HON. GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT COURT

4