IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. S-05-240 GEB |
| | ) | |
| Plaintiff, | ) | (PROPOSED) PROTECTIVE ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| HAMID HAYAT and, UMER HAYAT, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Government's Motion for a Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and/or documents, which may be reviewed by or made available to, or are otherwise in the possession of, the defendants and/or their counsel in this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2004) (hereinafter sometimes referred to as "CIPA"); the Security Procedures Established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of

Classified Information (reprinted following CIPA Section 9) (hereinafter sometimes referred to as the "Security Procedures"); Federal Rules of Criminal Procedure 16(d) and 57; the general supervisory authority of the Court; and in order to protect the national security,

**IT IS HEREBY ORDERED:**

1. The Court finds that this case may involve classified national security information. The storage, handling and control of this information will require special security precautions.

2. The purpose of this Order is to establish the procedures that must be followed by counsel, parties and other individuals who have access to classified information in this case, including the defendants, translators for the defense, any Court personnel, and all other individuals who have access to classified national security information and/or documents in connection with this case.

3. The procedures set forth in this Order will apply to all pretrial, trial, post-trial, and any District Court participation in appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under its inherent supervisory authority to ensure a fair and expeditious trial. Classified information conveyed by the Government to the defense in the course of pretrial discovery or the presentation of the Government's case is prohibited from disclosure, including public disclosure outside the courtroom, except as set forth herein or allowed by CIPA.

4. As used herein, the terms "classified national security information and/or documents," "classified information" and "classified documents" refer to:

    a. Any classified document or information which has been classified by any Executive Branch agency — in the interests of national security or pursuant to Executive Order 12,958, as amended, or its predecessor Orders — as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION ("SCI")," or any information contained in such document;

    b. Any document or information, regardless of its physical form or characteristics, which has been derived from United States government information that has been classified - pursuant to Executive Order 12958, as

amended, or its predecessor Orders — as "CONFIDENTIAL,""SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI");

c. Verbal classified information provided to any defendant or defense counsel by the government;

5. The words "documents" and "information" as used in this Order shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to:

   a. Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, and telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

   b. Graphic or oral records or representations of any kind, digital and otherwise, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

   c. Electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage, including but not limited to compact disks or digital video disks; and,

   d. Information acquired orally.

6. All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the originating agency of the document or the information contained therein (hereinafter, the "originating agency").

7. Any attempt by any defendant or defense counsel to have classified information confirmed or denied at trial, or in connection with any proceeding in this case, shall be governed by CIPA and all provisions of this Order.

8. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know classified information.

9.  "Secure area" shall mean a physical facility accredited for the storage, handling, and control of classified information, and may mean a sensitive compartmented information facility accredited by a Court Security Officer.

10. In accordance with the provisions of CIPA and the Security Procedures, the Court has designated John P. Molinard, Department of Justice Security Specialist, as the Court Security Officer for this case, and Jennifer H. Campbell, Mary M. Cradlin, Christine E. Gunning, Daniel O. Hartenstine, Michael P. Macisso, James P. Londergan, Barbara J. Russell and Glen R. Bensley as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information to be made available in connection with this case. Should defense counsel be given access to any classified national security information and/or documents, defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, disclosure, and use of such documents and information. The power to determine the extent of access shall belong to the Court.

11. The Court has been advised that the following government attorneys are working on this case, Assistant U.S. Attorneys Robert Tice-Raskin and Laura Ferris, and U.S. Department of Justice Trial Attorneys Sharon Lever and David Deitch, and their respective supervisors, have the requisite security clearances to have access to the classified documents and information that relates to this case. All references to government attorneys, or attorneys for the government, as used in this Order, refer only to the attorneys listed in this paragraph and their respective supervisors.

12. Protection of Classified Information. The Court finds that, in order to protect the possible classified information involved in this case, no defendant, defense counsel, employee of defense counsel, or defense witness shall have access to any classified information provided by the government in this case unless that person shall first have:

    a. Received an approval for access to the appropriate level of classification from the Court;

    b. Received the necessary security clearance as determined by the Court (as set forth below in paragraph 15) upon recommendation of the Department of Justice Security Officer, for access to the particular classified information in question; and

    c. Signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court. The substitution, departure, or removal for any reason from this case of counsel for any

4

        defendant, or anyone associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

13. Prosecution personnel other than counsel for the government, appropriately cleared Department of Justice employees, and personnel of the originating agency, can only obtain access to classified documents and information after having met the requirements of paragraph 12.

14. Subject to the provisions of paragraphs 12 and 13, cleared defense counsel shall be given access to classified documents and information as required by the government's discovery obligations and otherwise determined by the Court as necessary to prepare for proceedings in this case. Any additional person whose assistance the defense reasonably requires may only have access to classified information in this case after obtaining approval for access to the appropriate level of classification, and after satisfying the other requirements described in this Order for access to classified information.

15. For the purpose of establishing security clearances necessary for access to classified information that may be involved in this case, Standard Form 86 ("Security Investigation Data for Sensitive Position"), attached releases, and full fingerprints shall be completed and submitted to the Court Security Officer forthwith by the defense counsel and all persons whose assistance the defense reasonably requires. The Court Security Officer shall take all reasonable steps to expeditiously process all security clearance applications. In the event there is any issue raised with information provided by the respective applicant, the question with respect to the information shall be directly communicated with that applicant without notification or sharing of the information with any other party to this proceeding or the Court. In the event that a person who has not satisfied the security clearance obligations chooses not to withdraw, then there shall be an in camera *ex parte* hearing with the Court, the individual subject to the security clearance application, and the counsel with whom the applicant is affiliated (if the applicant should so desire), and the Court Security Officer or his designee, at which time the information shall be discussed and a determination made if the matter may be resolved. The Court will be the final arbiter of disputes surrounding all security clearance applications, and the prosecution will not be notified of the hearing or allowed to participate in it.

16. In the event that there are classified materials in this case, the Court Clerk shall designate a room in the U.S. Courthouse in Sacramento, California that meets the Court Security Officer's approval for use as defense counsel's secure quarters. In the event that there are classified materials in this case, the court security office John P. Molinard or his designee, shall immediately met with cleared defense counsel to

5

make arrangements to establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information and cleared defense counsel's needs. The secure area will be outfitted with furniture and office equipment reasonably necessary to the preparation of the defendants' defense in this case. The Court Security Officer will provide computers and printers for defense counsel to use in this process. The computers, printers, and printer cartridges will never leave the secure room and will be returned to the possession of the Court Security Officer at the conclusion of this case. Keys to the room shall be held by the Court Security Officer and by defense counsel. Each room shall be equipped with a safe approved by the Court Security Officer. Each defense counsel shall have the combination to the lock on the safe. The Court Security Officer shall also have the combination to each safe. The Court Clerk shall arrange for electronic security passes (e.g. "swipe cards") so that defense counsel can enter the Federal Courthouse at any time. The Court Security Officer and the Court Clerk shall arrange with the United States Marshal for the Eastern District of California to allow defense counsel 24-hour, 365 day-a-year access to the Courthouse and their secure quarters during the pendency of this case. Defense personnel other than defense counsel shall have "after hours" access to these secure quarters, but such access shall be on a pre-arranged, per-visit basis, the specifics of which can worked out with the Court Clerk and the U.S. Marshal's Office. The Court Security Officer shall establish procedures to assure that the secure area is accessible to the defendants if defendants are granted access to classified information by the Court, and authorized witnesses accompanied by defense counsel, during normal business hours and at other times on reasonable request as approved by the Court. No documents containing classified information may be removed from this secure area unless authorized by the Court Security Officer or the Court upon application with notice to the government. The Court Security Officer shall not be permitted to listen to any conversation between or among counsel and any person authorized to be present and to be present, nor reveal to the government the content of any conversations she or he may hear among the defense, nor reveal the nature of documents being reviewed by them, or the work generated by them. In addition, the presence of the Court Security Officer shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

17. Any potentially classified pleading or other potentially classified document filed by the defense shall be filed under seal with the Court through the Court Security Officer or a designee of the Court Security Officer. The date and time of physical submission to the Court Security Officer or his/her designee shall be considered the date and time of filing. The Court Security Officer shall promptly examine the pleading or document(s) and, in consultation with representatives of the

6

appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, she or he shall ensure that the document is marked with the appropriate classification marking and that the document remains under seal. Any document filed by the defense that does not contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any pleadings or document to be filed by the defense that contains classified information; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

18. Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of the filing. The Court Security Officer shall promptly examine the pleading or document(s) and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, she or he shall ensure that the document is marked with the appropriate classification marking and that the document remains under seal. Any document filed by the prosecution that does not contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court any pleadings or document to be filed by the prosecution that contains classified information; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

19. Access to Classified Information. Defense counsel, their employees and defense witnesses, when accompanied by defense counsel, shall have access to classified information only as follows:

   a. All classified information produced by the government to the defense in discovery or otherwise, shall be stored, maintained, and used only in the secure area established by the Court Security Officer unless approved otherwise by the Court.

   b. The defense shall have free access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

      c. No person, including the defense, shall copy or reproduce any classified information in any form, except with the approval of the Court in consultation with the Court Security Officer, or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

      d. All documents prepared by the defense (including without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the government.

      e. The defense shall discuss classified information only within the secure area or in another area authorized by the Court Security Officer, and shall not discuss classified information over any standard commercial telephone, cellular telephone instrument, internet-based or wireless communication system or office intercommunication system, or in the presence of any person who has not been granted access to classified information in this case by the Court.

      f. The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not authorized pursuant to this Order, except the Court, court personnel, the attorneys for the government who have been identified as having the appropriate clearances, and, when approved in accordances with Paragraph 12(d) of this Order, the defendants.

20. Procedures for the disclosure and/or use of classified information by the defense shall be those provided in Sections 5 and 6 of CIPA. No classified information may be disclosed or used by the defense at trial except:

      a. To the Court, court personnel, and government attorneys and their agents and employees identified by the Court Security Officer as holding proper approvals for access to classified information, and the defendants if such approval has been granted by the Court;

      b. To representatives of the agency or department

        originating the classified information who have been identified by the Court Security Officer as holding proper security clearances and having the need to know the classified information;

        c. In accordance with the procedures of CIPA and the procedures established by this order; and,

        d. To persons who have been authorized to have access to classified information pursuant to this Order or CIPA.

21. To facilitate the defense filing of notices required under Section 5 of CIPA, the Court Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pretrial proceeding or at trial. Nothing submitted by the defense to the Court Security Officer pursuant to this paragraph shall be made available to counsel for the government unless so ordered by the Court, or so designated by the defense. Any and all items which are classified shall be listed in the defendant's Section 5 notice.

22. As the identity of government intelligence employees may be classified or otherwise required to be protected, and as certain security arrangements may be necessary to protect classified information which may be discussed, the defense may not contact any employee of any government intelligence agency without making prior arrangements for such contact with an attorney for the government, unless the defense

        (a) files a motion with the Court — which motion may be made ex parte at the discretion of defense counsel — to authorize such contact;

        (b) gives the government notice of such motion; and

        (c) obtains a court order authorizing that contact.

Further, the defense shall give prior notice to government attorneys of any contact it intends to make with any employee of any government intelligence agency for the purpose of seeking declassification of any classified information relating to this case.

23. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of the Court and possible referral for criminal prosecution. Any breach of this Order will also result in the termination of a person's access to classified information. Persons subject to this Order are

9

      advised that direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States.

24. One purpose of this Order is to ensure that those authorized by the Order to receive classified information never divulge such information to anyone who is not now authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

25. All classified information to which defense counsel, defense counsels' employees, or any defense witnesses have access in this case is now and will remain the property of the government. Defense counsel, defense counsel employees, and defense witnesses shall return all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information, upon demand of the Court Security Officer. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case. At the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel.

26. A copy of this Order shall be issued forthwith to counsel for each defendant, who shall be responsible for advising his respective defense counsel employees, and defense witnesses of the contents of this Order. Defense counsel, defense counsel employees, and defense witnesses who are to be provided access to classified information shall execute the Memorandum of Understanding appended to this Order, and defense counsel shall file executed originals with the Court and the Court Security Officer and serve executed original of such document upon the government. The execution and filing of the Memorandum of Understanding is a condition precedent for any defense counsel, defense counsel employee, defendant and/or defense witness to have access to classified information.

**IT IS SO ORDERED**

Dated:   February 2, 2006

                                             /s/ Garland E. Burrell, Jr.
                                             GARLAND E. BURRELL, JR.
                                             United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. S-05-240 GEB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HAMID HAYAT and, | ) | |
| UMER HAYAT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF UNDERSTANDING
REGARDING RECEIPT OF CLASSIFIED INFORMATION**

Understanding that the unauthorized dissemination of classified information is a federal crime and could constitute espionage, I further understand that I may be the recipient of information and documents that concern the present and future security of the United States and belong to the United States, and that such documents and information, together with the sources and methods of collecting such, are classified according to security standards set by the United States Government.  In consideration for the disclosure to me of classified information and documents,

(1) I agreed that I shall never divulge, publish, or reveal, either by word, conduct, or any other means, such classified documents and information unless specifically authorized in writing to do so by an authorized representative of the United States Government; or as authorized by the Court pursuant to the Classified Information Procedures Act; or as provided for in the protective order entered in the case of the <u>United States v. Hamid and Umer Hayat</u>, Case No. S-05-240-GEB.

11

(2) I understand that this agreement and other non-disclosure agreements will remain binding upon me after the conclusion of the proceedings in <u>United States v. Hamid and Umer Hayat</u>, Case No. S-05-240-GEB.

(3) I have received and read a copy of the Protective Order entered in this case by the United States District Court for the Eastern District of California on October ___, 2005, relating to classified information, I understand this Protective Order, and I agree to comply with the provisions thereof.

_____
Signature

_____
Date

_____
Witness

Sworn to and subscribed to before me
this _____ day of _____, 2005