UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:05-cr-0240-GEB |
| Plaintiff, | |
| v. | Voir Dire |
| HAMID HAYAT, and UMER HAYAT, | |
| Defendants. | |

Good morning, and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy is Shani Furstenau. Next to her is the Certified Court Reporter, Kimberly Bennett. Ms. Shani Furstenau, please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the

parties with information about each potential juror.  The purpose of voir dire is to have each potential juror disclose any feelings, bias, and prejudice against or in favor of any party, so we can ascertain whether you can sit as a fair and impartial juror in this particular case.  "[A]n essential characteristic of an impartial jury is that the jury be drawn from a fair cross section of the community."  United States v. Conant, 116 F. Supp. 2d 1015, 1023 (E.D. Wis. 2000).  Therefore, to help ensure that this component of the Defendants' Sixth Amendment Constitutional right is realized, if you indicate that you do not wish to serve as a juror in this case because of a work related or similar conflict, I will most likely probe your response.  I do this in order to ensure that the parties have a fair cross section of the community from which to select a jury.  After questioning is complete, the parties will exercise allotted peremptory challenges.  A peremptory challenge can be used to excuse a potential juror from serving as a juror in this case.  A potential juror also could be excused for cause.

       1.  Counsel, the Jury Administrator has already randomly selected potential jurors and placed their names on the sheet that you have been provided in the order of that random selection.  The first juror selected is assigned juror number and seat one.  Sixty-five potential jurors are now in the courtroom.

       2.  I will ask all potential jurors questions.  If a potential juror has a response, please raise the number you've been given, which reflects your seat number.  The number

corresponds with your name on the referenced sheet of paper. Generally, you will be given an opportunity to respond in accordance with the numerical order in which you are seated, with the lowest seat numbered juror responding first. If no hand is raised, I will simply state "no response." If you know it is your turn to respond to a question, you may respond before I identify you by stating your last name and then your response. That should expedite the process.

3.   If you conclude that any question unduly pries into your private affairs and you, therefore, wish to discuss it privately, let me know of that request. While I'm authorized under law to protect your legitimate privacy interests, I may ask some questions in the area that you indicate a desire to discuss in private to determine whether we can discuss any aspect of the matter in open court without disclosing what you desire to keep private. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.   The parties anticipate it could take nine weeks for them to present evidence and closing arguments to you, after which you will retire to deliberate on the case. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. But as soon as you commence jury deliberations, you will be expected to deliberate every day except weekends from 9:00 a.m. to about 4:30 p.m. until you complete your deliberations. Does this present a special problem to any member of the jury panel?

1         5.   This is a criminal case brought by the United
2    States government against two individuals: Defendant Hamid Hayat
3    and Defendant Umer Hayat.
4         Defendant Hamid Hayat is charged with providing material
5    support and resources, or concealing the same, knowing or
6    intending that they would be used in preparation for or in
7    carrying out certain acts of terrorism.  Both Defendant Hamid
8    Hayat and Defendant Umer Hayat are charged with willfully making
9    false material statements within the jurisdiction of the Federal
10   Bureau of Investigation in a matter that involves international
11   or domestic terrorism.
12        Both defendants have pleaded not guilty to the charges
13   and are presumed innocent unless and until proved guilty beyond a
14   reasonable doubt.
15        Is there anything about the nature of the charges that
16   makes you feel that you cannot be fair and impartial juror in
17   this case or causes you to prefer not being a juror on this case?
18        6.   Please raise your number if you have heard or read
19   anything about this case before coming into this courtroom.
20        7.   Please raise your number if you have formed an
21   opinion about either or both defendant's guilt or innocence.
22        8.   Please raise your number if you cannot set that
23   opinion aside and render your decision based solely on the
24   evidence presented at this trial and the instructions I will give
25   you at the end of the trial.
26        9.   This case involves two co-defendants.

Co-defendants are often tried together at one trial before a single jury. I have decided that each Defendant in this case will be tried by his own jury. Therefore, one jury will be selected to try the guilt or innocence of Defendant Hamid Hayat and another jury will be selected to try the guilt or innocence of Defendant Umer Hayat.

In order to distinguish between the two juries during the trial the separate juries will be designated by the first name of a Defendant since both Defendants have the same last name. Both juries will be seated in this courtroom. The Umer Jury will be seated in the chairs inside the jury box. The Hamid Jury will be seated in the two rows of chairs located directly in front of the jury box.

The juries will also have separate jury rooms. The Hamid Jury has been assigned the jury room in courtroom nine. The Umer Jury has been assigned the jury room in courtroom ten. Each juror will be given a key card to access his/her assigned jury room. However, jurors will not be given access to the other jury's jury room.

Both juries will hear much of the same evidence. However, there may be times when one jury is excused from the courtroom while the other remains. If this occurs it is because evidence will be presented that may only be considered by the jury remaining in the courtroom.

    a.    Will the use of two separate juries in this case affect your ability to be a fair and

5

```
 1                    impartial juror?
 2               b.   Will the fact that each jury may hear and
 3                    consider evidence that the other will not hear
 4                    affect your ability to be a fair and impartial
 5                    juror?
 6          10.  Languages other than English may be used during
 7  this trial.  I will instruct the jury that the evidence you are
 8  to consider is only that provided through the official court
 9  interpreters.  Although some of you may know the non-English
10  language used, it is important that all jurors consider the same
11  evidence.  Therefore, you must base your decision on the evidence
12  presented in the English interpretation.  You must disregard any
13  different meaning of the non-English words.  Do you believe you
14  would have any problem following that instruction?
15          11.  Witnesses in this trial may testify through a
16  court interpreter.  Would the presentation of witness testimony
17  through an interpreter affect your ability to be a fair and
18  impartial juror?
19          12.  The attorneys for the parties in this action may
20  introduce themselves, commencing with the government's attorney,
21  who is also required to read a witness list stating the names of
22  all prospective witnesses the government intends to call.
23  Defense counsel need only introduce themselves and their client.
24  Do you know or have you had dealings with any of the lawyers or
25  any person just named?
26          13.  Do you have a vision, hearing or medical condition
```

that would make it difficult for you to serve as a juror?

14. Are you taking any prescription medication that may interfere with your ability to concentrate or serve as a juror in any way?

15. Is there any reason why you would not be able to give your full attention to this case?

16. Each of you will have to determine who is telling the truth. Please raise your number if you are unwilling or not comfortable judging a witness's credibility and making this kind of decision.

17. Do you have beliefs that make it impossible or difficult for you to decide the guilt or innocence of another person?

18. Have you ever served as a juror in a criminal or a civil case?

    a. Please explain what type of claim was involved and whether the jury reached a verdict, but do not state the actual verdict reached.

19. Are you, a relative, or any close friend presently or previously employed by the United States Department of State, Internal Revenue Service, Bureau of Immigration and Customs Enforcement, the former Immigration and Naturalization Service, the Federal Bureau of Investigation (FBI), the Department of Homeland Security, the Department of Defense, the Department of Justice or any other agency of the U.S. Government?

20. Are you now, or have you ever been a member of any

7

law enforcement agency, whether local, state, or federal or engaged in law enforcement work for some private concern?

21. Are you closely related to, or do you maintain a close friendship or business acquaintance with, any law enforcement officer?

22. Would you tend to believe the testimony of a witness just because that witness is a law enforcement officer and for no other reason?

23. On the other hand, would you tend not to believe testimony of a witness just because that witness is a law enforcement officer?

24. Have you, a relative or any close friend ever been convicted of a crime?

    a. When and for what kind of crime?

    b. Is there anything about what you related that could interfere with your ability to be a fair and impartial juror in this case?

25. Have you, a relative or any close friend ever been the victim of crime, whether reported or not, that could interfere with your ability to be a fair and impartial juror in this case?

    a. What was the nature of the crime?

26. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

27.   Do you have any problem with the rule of law that the defendant need not testify in his own behalf and that if the defendant chooses not to testify that factor may not be considered by you in your deliberations?

28.   Do you have any problem with the requirement that your decision in this case must be based solely on the evidence presented at the trial and by applying the law as I will give it to you in my instructions whether or not you agree with that law?

29.   Do you have any information that you believe a party would want to know before selecting you as a juror?

30.   My deputy clerk will give juror number 1 a sheet on which there are questions that I want each of you to answer. Please pass the sheet to the juror next to you after you answer the questions.

     a.   Name
     b.   Age
     c.   Place of birth
     d.   Educational background
     e.   Your marital status, or whether you live alone or with another person.
     f.   Present and former occupation for you and your spouse and/or any other person with whom you live (you need not name the employer)
     g.   County in which you live and how long you lived in that county
     h.   Ages and occupations of any children

    i. Civic, social, union, profession, fraternal, political, recreational or religious organizations that you belong to or participate in, and the offices, if any, you have held in any such organizations

    j. Do you have (or have you had) any experiences, feelings or impressions about Muslims, Pakistanis, Pakistani-Americans or Islamic beliefs that would make it difficult for you to be a fair and impartial juror in this case?

Dated: February 15, 2006

          <u>/s/ Garland E. Burrell, Jr.</u>
          GARLAND E. BURRELL, JR.
          United States District Judge