IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. HAMID HAYAT, and UMER HAYAT, Defendants. | 2:05-cr-0240-GEB<br>CONDITIONAL RELEASE ORDER |

Defendant Umer Hayat filed a motion on April 27, 2006, in which he seeks his immediate release from custody. The motion was filed two days after a mistrial was declared in Defendant's case because the jury was unable to reach an unanimous verdict. The government opposed the motion at a hearing held today, April 28, 2006.

In an Order I issued on November 4, 2005, I expressed some doubt about Defendant's release pending his trial, but I relied on and quoted from a Ninth Circuit holding that states "doubts regarding the propriety of release should be resolved in favor of the defendant." United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). Therefore, I ordered Defendant released, subject to several conditions.

At issue now is whether the nature of the jury divide weighs into the release decision, and if so, what is its effect.[1] Under the rationale of United States v. Chen, 820 F. Supp. 1205, 1207-08 (N.D. Cal. 1992), inferences can be drawn from a hung jury result that bear on the release decision. I opine that the nature of the jury divide is relevant in assessing the likelihood of Defendant's appearance at future court proceedings, affects the weight given to other release factors, and indicates modified conditions of release will reasonably assure Defendant's appearance at future court proceedings. Specifically, the extent of the jury divide could cause Defendant to believe he has a chance of obtaining a similar result in a retrial, whereas it is doubtful he had that notion before trial. It seems that if an individual believes he has a good chance avoiding conviction, the likelihood of flight is reduced. That is my conclusion in Defendant's case. Furthermore, because Defendant is less of a flight risk in light of the jury divide, a lower bond amount, or alternatively a pledge by the owners of Property 5 forfeiting whatever interest they have in the property, is appropriate to secure his appearance at future court proceedings. Therefore, the release conditions set forth in the Order filed November 4, 2005, are modified as follows:

1. A bond in the amount of $390,000 secured by Property 5 shall be posted; if such a bond cannot be secured because of a Patriot Act lien on Property 5, the owners of Property 5 shall pledge to forfeit whatever interest they have in the property, if they desire it to be

[1] At the hearing, the government represented the news media have reported the Umer Hayat jury was divided 6 to 6 on one count, and 5 to 7 on the other count.

used to secure Defendant's release;[2]

2. Upon satisfaction of condition 1, the duty Magistrate Judge will sign a release order for Defendant that will authorize his release from the United States Marshal's office to Pretrial Services the following working day at 9:00 a.m;

3. Defendant shall report to and comply with the rules and regulations of the Pretrial Services Agency;

4. Defendant shall reside at Property 5 in Lodi, California, and absent a medical emergency, he shall not leave that residence without the prior approval of the Pretrial Services Officer; Defendant shall be subject to electronic monitoring, and shall pay the costs attendant to such electronic monitoring;

5. A warrant is issued for Defendant's arrest, which shall be enforced if the electronic monitoring equipment shows Defendant is not on Property 5, Pretrial Services is unable to verify that Defendant is on Property 5, and Defendant has no prior authorization from Pretrial Services to be anywhere other than on Property 5;

---

[2] An Order filed January 4, 2006, stated that Property 5 was inadequate for purposes of bail because the loss of the property would not inflict a "deeply felt hurt" on one of the owners. However, as observed by the Order filed November 4, 2006, the owners of Property 5 treat Defendant as the owner of the property. In addition, Defendant and his family reside on the property and collect the rent from another house on the property. Therefore, in light of the jury divide and the inference drawn that Defendant now possesses less incentive to flee, the loss of Property 5 under these circumstances would most likely inflict enough hurt on Defendant and his family to dissuade him from fleeing. I recognize that if a Patriot Act lien prevents this property from being used as collateral that the release decision is not secured by this property.

The January 4 Order also found that the other properties previously proffered by Defendant, specifically Property 1, 3, and 4, were inadequate for the purpose of bail for the reasons stated in that Order. Property 2 was withdrawn by the owner of that property.

6. Defendant shall divest himself of any firearms or other dangerous weapons, and shall submit proof of divestment to the Pretrial Services Officer;

7. Defendant shall not possess or attempt access to any documents authorizing international travel, and shall surrender any passport he possesses to the Clerk of the United States District Court for the Eastern District of California;

8. Defendant shall not incur new credit charges or open additional lines of credit without the approval of the Pretrial Services Officer.

IT IS SO ORDERED.

Dated: April 28, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge